IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| VINCENT COOK, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-291-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendants, United States of America and United States Marshal Service. Plaintiffs, Vincent Cook ("V. Cook") and Latania Cook, individually and as next friend to B.C. and T.J, minor children, timely filed a response. Having considered the motion and response, as well as plaintiffs' complaint and the applicable legal authorities, the court concludes that the motion should be granted in part and denied in part.

I.

## Plaintiffs' Claims

Plaintiffs' claims arise from the following events as alleged in the complaint filed April 27, 2010: On March 27, 2008, agents of the United States Marshal Service raided and searched plaintiffs' home, without plaintiffs' consent, looking for a fugitive. At the time of the unlawful raid, unnamed employees of the Marshals Service allegedly pulled V. Cook, who is disabled, out his front door, held assault-type guns on each plaintiff, handcuffed B.C. and T.J. face down on the ground outside their apartment door, then entered and searched plaintiffs' apartment. Plaintiffs contend that the marshals knew at least six weeks prior to the time of the raid on their apartment that the fugitive did not reside in their home.

Although not alleged with complete clarity, plaintiffs assert claims and causes of action under the Federal Tort Claims Act, ("FTCA"), for false arrest, assault, battery, false imprisonment, unlawful search, invasion of privacy, and negligent infliction of emotional distress, claims for unreasonable detention and illegal search and seizure in violation of the Fourth Amendment and violation of their rights to equal protection and due process under the Fifth Amendment, claims for

intentional infliction of emotional distress, abuse of authority, and harassment, violation of their civil rights under 18 U.S.C. § 242 and 42 U.S.C. § 14141, and potentially claims pursuant to 42 U.S.C. § 1983.

II.

Grounds of the Motion and Plaintiffs' Response

Defendants seek dismissal pursuant to Rule 12(b)(1) of plaintiffs' FTCA claims against the Marshals Service, including the claims for false imprisonment, false arrest, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of authority, invasion of privacy, negligence, and harassment, as United States is the only proper defendant in an action under the FTCA. Plaintiffs concur, and have agreed to amend their complaint to remove the Marshals Service as a named defendant. Plaintiffs also have agreed to dismiss the claims against United States for negligent infliction of emotional distress and abuse of authority.

Defendants also seek dismissal pursuant to Rule 12(b)(1) of plaintiffs' claims under 42 U.S.C. § 14141 and 18 U.S.C. § 242, claiming those statutes confer no private right of action on plaintiffs, and of any claims asserted under 42 U.S.C. § 1983, as such claims cannot be brought against federal employees or United

3

States. Again plaintiffs concur, and have agreed to remove these claims and causes of action from their amended complaint.

Defendants further contend that to the extent plaintiffs attempt to raise Bivens[1] claims, defendants have not waived their sovereign immunity as to those claims, and that in any event, those claims are untimely. As an initial matter, plaintiffs may only assert Bivens claims against federal officials, not federal agencies or United States. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). No individual federal officials have been named as defendants; rather, the complaint names only United States, the Marshals Service, and "its Unnamed employees involved in the incident." Compl. at 1. The court does not permit suits against unknown defendants, and the unknown defendants should be eliminated from plaintiffs' amended complaint filed in accordance with this order. If and when plaintiffs determine the actual identity of any of the unknown defendants, those individuals may be added as parties consistent with the Local Civil Rules, the Federal Rules of Civil Procedures, and applicable orders of this court.[2]

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

[2] Defendants argue that plaintiffs' Bivens claims against all defendants should be dismissed as untimely. Plaintiffs argue for tolling of limitations based on their allegation that they presented their claims to defendants within the limitations period, and that any delay in filing suit resulted from their reliance on defendants' representations. However, as the complaint names no individual defendants against whom plaintiffs could assert a Bivens claim, the court need not consider the timeliness issue.

Defendants further argue that plaintiffs' claims for intentional infliction of emotional distress should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The court agrees.

As defendants argue, under Texas law, intentional infliction of emotional distress is a "gap-filler" tort that arises only when the plaintiff has no other cause of action. Day v. Rogers, 260 F. App'x 692, *696 (5th Cir. 2007) (citing Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005)). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." Creditwatch, 157 S.W.3d at 816. Thus, federal courts have consistently refused to consider claims under Texas law for intentional infliction of emotional distress where other remedies are available to the plaintiff. See, e.g., Carlton v. Fearneyhough, 2008 WL 686595 (5th Cir. March 12, 2008) (affirming summary judgment on plaintiff's claim of intentional infliction of emotional distress where that claim arose from same facts as plaintiff's Fourth Amendment claim); Day, 260 F. App'x (intentional infliction of emotional distress not available where plaintiff asserted constitutional violations pursuant to 42 U.S.C. § 1983 and state law claims).

In response, plaintiffs contend that their claim for intentional infliction of emotional distress "is not a gap-filler but a claim that is separate from their other claims." Pls.' Resp. at 4. Plaintiffs also contend that the type of injury--emotional and mental problems--distinguishes their intentional infliction of emotional distress claim from their other claims. However, it is the factual basis of the claim and the availability of another remedy, not the resulting injury, that determines the cognizability of a claim for intentional infliction of emotional distress. See Creditwatch, 157 S.W.3d at 816. All of plaintiffs' alleged injuries, physical and mental, arise from the same factual allegations underlying their other causes of action. Because other remedies are available to plaintiffs, no gap is left to fill.

III.

Order

Therefore,

The court ORDERS that:

(1) plaintiffs' claims for negligent infliction of emotional distress, intentional infliction of emotional distress, abuse of authority, claims pursuant to 42 U.S.C. § 14141, claims pursuant to 18 U.S.C. § 242, any claims

pursuant to 42 U.S.C. § 1983, and all claims against the U.S. Marshal's Service be, and are hereby, dismissed with prejudice; and

(2) plaintiffs file by August 6, 2010, an amended complaint consistent with this order, naming only United States of America as defendant and removing any unnamed defendants.

SIGNED July 28, 2010.

_____
JOHN McBRYDE
United States District Judge